# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANCISCO GONZALES-LIRANZA,

    Plaintiff,

vs.                                          Civil No. 98-997 JP/WWD

SERGEANT NARANJO,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. In this lawsuit a summary judgment was entered then reversed by the Court of Appeals, and on remand a stay was entered to await the decision in <u>Booth v. Churner</u>, 531 U.S. 956, 121 S.Ct.1819 (2001) which dealt with 42 U.S.C. § 1997e(a).

    2. Since <u>Booth</u> has been decided, this matter now comes before the Court upon Defendant's Motion to Dismiss based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

    3. In <u>Booth v. Churner</u>, the United States Supreme Court held that Congress has mandated exhaustion of administrative remedies in an inmate civil rights case . <u>Id</u>., at 121 S.Ct. 1825.

    4. In the instant case, there was an administrative procedure for seeking relief, and Plaintiff did not exhaust that procedure; however, he also states under oath that he was not advised or given notice of the administrative procedure.

    5. Defendant contends that Plaintiff was brought into Bernalillo County Detention Center on seven separate occasions prior to the incident which forms the basis of this lawsuit, and that on

each occasion he would have been advised in an orientation addressing his rights as a prisoner, including the right to resort to the grievance procedure; and, additionally, that Plaintiff would have been given an Inmate Handbook (written in Spanish and English) which includes the grievance procedure. An affidavit supports the assertions regarding the orientation and the practice of giving each inmate a handbook.

      6. Where a grievance procedure is available, no authority has been found which permits an exception to the exhaustion requirement discussed in <u>Booth</u>.

## RECOMMENDATION

I recommend that the summary judgment be granted and that this cause be dismissed.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE